### SMITH v. CURTIS et al.

Where no exception is taken to the order of the Court below overruling a motion to set aside the judgment, and quash the execution, such order cannot be reviewed by this Court.

The object of a summons is to bring the party into Court. If that object be attained by the appearance and pleading of the party, he cannot complain.

The answer of a defendant waives the alleged error as to the change of parties, whereby the name of such defendant has been substituted for that of another, without notice.

APPEAL from the District Court of the Sixth Judicial District.

This action was brought against L. Curtis and Geo. E. Clarke, and separate writs served upon each defendant. After service, and without notice to any one, the name of James M. Curtis, by order of the Court, was substituted for that of L. Curtis, and judgment by default taken to be enforced against the joint prop-

erty of James M. Curtis and George E. Clarke, and against the separate property of Clarke. An execution was issued upon this judgment, and levied upon the joint property of James M. Curtis and George E. Clarke. James M. Curtis then filed his petition in the District Court, setting forth a good defence to the action upon the merits, and moved the Court to quash the execution, and set aside the judgment, which motion the Court overruled, but permitted the defendant, James M. Curtis, to file his answer, putting in issue the matters set forth in his petition, and directing the sheriff to retain possession of the property levied on as security for the plaintiff, until the trial of the cause upon its merits. The defendant, James M. Curtis, filed his answer to the merits, and then appealed from the last order of the Court, and from the whole judgment.

*Harmon & Sunderland* for Appellants.

Appellant contends, that there was error in allowing, without notice or affidavit, the name of L. Curtis to be stricken out, and the name of James M. Curtis to be inserted. Pr. Act, § 68; Acts of 1854, p. 60, § 7.

The order is not to correct the name of one defendant, but to drop one defendant and make another party defendant, without notice. L. Curtis is served, and, subsequently, James M. Curtis made defendant. McNulty *v.* Mott, 3 Cal., 235.

There was error in the judgment against the joint property of George E. Clarke and James M. Curtis.

There was no sufficient service on any one.

The service on Clarke did not charge him as a partner with James M. Curtis.

James M. Curtis was no party to the action.

There was no amendment of the complaint, or other pleadings in fact, as required by the act of 1854.

The complaint was for one sum, and the judgment for another.

The judgment should have been set aside on the showing of the defendant.

*George Cadwalader* for Respondent.

On the seventh of October, 1856, the appellant, J. M. Curtis, moved the Court below to set aside the judgment by default, rendered on the nineteenth of September, 1856, against himself and George E. Clarke, his co-defendant in the Court below.

The Court refused the motion as against Clarke, but consented that the appellant should come in and defend upon the merits.

The record shows no exception by appellant to this order, but on the contrary, it appears that on the thirty-first of October, a fortnight afterwards, he avails himself of the order of the seventeenth of October, by answering the complaint of respondent in the Court below, therein denying all the material allegations of

the complaint, excepting the one which charges him as being the copartner of J. E. Clarke.   Before, however, the issue made by his answer is tried in the Court below, appellant, on the third of November, 1856, files a notice of this appeal, and assigns therefor, three grounds : First—the judgment of the nineteenth of April ; Second—the refusal of the Court below, on the seventeenth of October, to set aside entirely the judgment of the nineteenth of September ; Third—the refusal of the Court to quash a certain writ of execution, issued herein.

As it does not appear upon the record that appellant, at any time, moved the Court to quash the writ of execution, this Court will not of course presume that appellant made such motion in the Court below, or permit points to be raised here for the first time, that should have been presented to the District Court for settlement.

And as the judgment of the nineteenth of September was opened, by the Court below, on the seventeenth of October, in favor of appellant, we suppose this whole question rests upon the order of the seventeenth of October, refusing to vacate the judgment of the nineteenth of September, as to George E. Clarke as well as to appellant.

In the first place, is the order appealable ?   We think not, because it was merely interlocutory, and substantially in favor of appellant.   No appeal lies from such an order.   See Stearns *v.* Marvin, 3 Cal., 376 ; Henly & Hastings *v.* L. W. Hastings, 3 ib., 341 ; Johnson *v.* Sepulveda, Jan. Term, 1856.

In Wallace *v.* Jerome, 1 Scammon, 524, the Court say : " An application to set aside a default is addressed to the sound discretion of the Court.   And the manner of the exercise of that discretion cannot be assigned for error."

Also, in Bolton *v.* Depeyster, 3d Code Reporter, 141, the same doctrine is held, viz.: "An order opening a default, and letting in a party to defend, was held not to be appealable, inasmuch as it did not involve the merits."

"Nor is such an order appealable, in respect of the terms imposed."   See Gale *v.* Vernon, 4 Sandford, 709.

Appellant did not except to the order of the seventeenth of October, and therefore waived all objections to it.   Giblons *v.* Johnson, 3 Scammon, 68 ; Miere *v.* Brush, 3 ib., 23 ; Leigh *v.* Hodges, 3 ib., 17 ; 11 Illinois, 84.

Appellant's answer of the thirty-first of October precludes him from bringing the alleged error of the Court below here for correction until after final judgment in the District Court.

To exhibit more clearly the irregularity of this appeal, suppose the case in the Court below is tried upon its merits, and judgment entered before this appeal is disposed of ; will not the appellant have an unquestioned right to bring the points in controversy now before this Court again for adjudication.

Smith *v.* Curtis.

The record does not show any stay of proceedings, while the smallness of the bond—three hundred dollars—would warrant the belief that it would take its regular course upon the trial calendar of the Sixth Judicial District. Surely, if an appeal lies in this case, nearly every order made in the Court below, from the beginning of a case until judgment, would be the subject of an appeal, and that confusion, delay, and uncertainty result, which the law abhors. While, if this appeal is dismissed, appellant is not shorn of any of his rights, for after final judgment in the Court below, this Court can then, and not until then, legitimately, review the error complained of by appellant.

The Court below, in refusing to release the property levied upon, exercised a wise discretion, believing it, perhaps, to be partnership property or the exclusive property of Geo. E. Clarke.

BURNETT, J., after stating the facts, as above, delivered the opinion of the Court—TERRY, J., concurring.

No exception having been taken to the order of the Court below, overruling the motion to set aside the judgment, and quash the execution, the action of that Court, in this respect, cannot be reviewed here.

As to the order of the Court permitting the plaintiff to insert the name of James M. Curtis in the place of L. Curtis, without notice to the former, we think the error, if any, was cured by the appearance and answer of the defendant, James M. Curtis, in the Court below. The only object of a summons is to bring a party into Court, and if that object be attained by the appearance and pleading of a party, there can be no injury to him. We cannot perceive, in this case, how the defendant, James M. Curtis, is injured. The Court below has permitted him to answer, and put in issue the facts of the complaint, and to have a trial upon the merits. So far as his substantial rights are concerned, he stands in the same position as he would have done had his name been originally inserted in the complaint. Had the defendant, James M. Curtis, desired to take advantage of the alleged error of the District Court, in changing the parties to the action, he should have appealed directly from the judgment, and not have appeared and answered in the District Court. To sue a single person, and, without notice, substitute the name of another, has been held error by this Court in the case of McNulty *v.* Mott, 3 Cal. R., 235. Whether this change would be error in a case where two or more persons were sued as partners, or joint debtors, and the name of another person substituted for one of the defendants, without notice to any one, it is not necessary to determine in this case.

If A and B are sued as partners, and A be served, and then the name of B should be stricken out, and C inserted in the place of B, without notice to any party, it may be very questionable

whether such proceedings would stand. The defendant A might be very willing that judgment should go against him and B, while he might have the best reason for objecting to a judgment against himself and C, upon the same cause of action. Substituting a new party, without notice to any one, would seem to be at least doubtful.

The appeal is accordingly dismissed, with costs.