GOODMAN ET AL., RESPONDENTS, *v.* MINEAR MINING AND MILLING CO., APPELLANTS.

PRACTICE—EXCEPTIONS—DISMISSAL OF APPEAL.—Where no exceptions are taken in the court below to an order of that court denying a motion to open a default and set aside a judgment, an appeal from such order will be dismissed.

PRESUMPTION.—An appellate court will not presume error in the court below, and thus throw the *onus* on the respondent of establishing its correctness. "All intendments must be in favor of sustaining the judgments of courts of original jurisdiction, and to disturb such judgment it is not sufficient that error may have intervened, but it must be affirmatively shown by the record."

PRACTICE—AFFIDAVITS—CERTIFICATE.—Affidavits used on motions which are incorporated into a transcript on appeal must have the certificate of the judge or the clerk that they were the affidavits used on the hearing on the motion.

APPEAL from the third judicial district, Owyhee county. Judgment by default against the defendant, a mining corporation. Subsequently, the defendant moved to "set aside the default and judgment," which motion was denied by the court. To this ruling the defendant took no exception "at the time," but gave verbal notice in open court that · it "would appeal said cause," and asked a stay of proceedings for five days, which was granted. There is copied into the record quite a number of affidavits, but there is no certificate of the judge or clerk that they were the affidavits used on the hearing on the motion. The clerk certifies at the close of the transcript " that the foregoing is a true and correct copy of the original notice and motion to set aside judgment," and also a true copy of affidavits of certain persons whose names are enumerated in the record entry, and some other papers and their ends.

*Martin & Johnson,* for the defendants.

*Huggan & Ganahl,* for the respondents:

To the affidavits there is no certificate of the clerk or judge that they were the affidavits used on the hearing of the motion. The appeal in this case is either from the judgment or from the order refusing to set aside the same, or from both. If from the judgment alone, a copy of the judment roll should have been sent up with the transcript. This not having been done, the appeal should be dismissed. (Laws of Idaho, sec. 294, p. 142; *Hart* v. *Plume,* 14 Cal. 148.) If the appeal is taken from the order alone, the appeal should be dismissed:

1. Because no exception was taken to the order of the

court overruling the motion to vacate the judgment. The mere notice of appeal in open court means nothing, say the supreme court of California. No exception having been taken to the ruling of the court as before stated, the action of the lower court in this respect can not be reviewed on appeal. (*Smith* v. *Curtis*, 7 Cal. 584.)

2. Because there is no certificate of the clerk or judge that the affidavits embraced in the transcript were those upon which the motion to vacate the judgment was heard and upon which the order was based. "On an appeal from an order made on affidavits no statement is necessary. The affidavits must be annexed to the order, and the clerk should specify the affidavits used; and to do so he must at the time mark them as filed on the motion." (*Paine* v. *Linhill,* 10 Cal. 370; see also *Stone* v. *Stone,* 17 Id. 513.) If the appeal be from both the judgment and the order, the same will equally apply.

McBride, C. J., delivered the opinion of the court, Cummins, J., concurring.

This appeal is taken from the ruling of the court below on a motion made by defendant to set aside a judgment obtained by default in favor of plaintiffs, which judgment appears to have been for the sum of four hundred and seventy dollars and eighty cents and costs, as set forth in the notice of appeal.

It does not appear that any exception was taken to the ruling of the court on the motion, and as the whole ground of the appeal is upon that ruling, under the rule announced in the case of *Lamkin* v. *Sterling* at this term, the appeal must be dismissed. We may add to the authorities mentioned in that decision, the case of *Smith* v. *Curtis,* 7 Cal. 584.

Appeal dismissed, and the judgment below affirmed.

Cummins, J., delivered the opinion of the court on the petition for rehearing, McBride, C. J., concurring.

The appellant petitions for a rehearing of this cause on the alleged ground that the judgment dismissing the appeal

and affirming the judgment of the court below, was errone-ous.  The appeal was dismissed in this court for the rea-son that the appellant had taken no exception to the ruling of the court below denying the motion to set aside the judg-ment and open the default.  The decision was given upon the authority of the case of *Lamkin* v. *Sterling, ante,* decided at this term, in which we took occasion to examine all the accessible authorities bearing upon this question.  On a further examination of the authorities required by this pe-tition, we are confirmed in our exposition of the law made in that case.  It is the better rule of practice, and often narrows down the number of issues presented for examina-tion in the appellate court.

But even if we were to consider the case upon the record brought into this court, waiving the want of a bill of ex-ceptions, we can not see that a different result would be attained.  The judgment debtor appeals from the judgment rendered in the case, together with the order above referred to, but no part of the judgment roll proper is brought up.  Yet the appellant complains of the sheriff's return of his service of the summons and complaint upon the defend-ant as being insufficient in several respects.

We are unable to ascertain from the record what the re-turn is; it does not disclose anything even purporting to be the return of the sheriff.  It is also complained that an amendment was made to the return, but that there is no record entry of the court granting the sheriff the privilege of making an amendment.  This mode of taking appeals can not be tolerated.  An appellate court will not presume error in the court below, and thus throw the *onus* on the respondent of establishing its correctness.  "All intend-ments must be in favor of sustaining the judgments of courts of original jurisdiction, and to disturb such judg-ment, it is not sufficient that error may have intervened, but it must be affirmatively shown by the record."  (*White et al.* v. *Abernathy et al.,* 3 Cal. 426.)  Not having, as al-ready remarked, incorporated into the transcript any part of the judgment roll, including the sheriff's return, nor all the journal entries in the case, as appears from the no-

tice of appeal, we can not say that any error was committed in the court below.   Under section 249 of our civil practice act, a party appealing from a final judgment, which is this case in part at least, shall furnish the appellate court with a copy of the judgment roll, and the statement annexed, if there be one.   And if the appellant fail to furnish the requisite papers, the appeal may be dismissed.   But, further, there is no certificate of the clerk or judge that the affidavits copied into the transcript were those used on the hearing of the motion in the court from which this appeal is taken, which is necessary.

Petition for rehearing denied.