[No. 10,534.—Department One.]

## PEOPLE v. L. H. FERRIS.

INDICTMENT—MISNOMER—FORGERY.— In an indictment for forgery, the person intended to be defrauded was described in the designation of the offense as one James L., and afterwards, in the body of the indictment, as James B. L., and the charge was, that the indorsement of James B. L. was forged by the defendant on a bill of exchange, with intent to defraud the said James B. L., etc.  *Held*, (1) that the omission of the initial of the middle name of James B. L., in the designation of the offense, was immaterial; and (2) that the instrument was one that might injure the person whose name on it was forged.

ORAL INSTRUCTIONS.—The statute authorizes oral instructions to be given to the jury in a criminal case, if taken down by the short-hand reporter, and the legal presumption is, that this was done, unless the contrary affirmatively appears from the record.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of Los Angeles County. McNEALY, J.

*Eastman, Haley, King, & Roberts*, for Appellant.

The *Attorney-General*, for Respondent.

McKee, J.:

Defendant was convicted of the crime of forgery. It is contended that the judgment of conviction is erroneous, and that the Court below erred in denying a motion which was made in arrest of judgment, and also for a new trial, because the indictment upon which the defendant was tried and convicted does not state facts sufficient to constitute a public offense.

The indictment contains two counts: one charging that the defendant falsely and feloniously made a bill of exchange for the sum of $325, and falsely and feloniously indorsed on it the name of one James B. Lankersheim, with intent to defraud the said James B. Lankersheim out of said sum of money; and the other, with falsely and feloniously uttering and passing said forged bill of exchange, with intent to defraud the Farmers' and Merchants' Bank, a corporation duly incorporated and existing under the laws of the State of California.

To the indictment, the defendant filed a general demurrer, which was overruled.

Upon the trial, the second count of the indictment was withdrawn; the defendant was found guilty under the first count, which, it is contended, was wholly insufficient to sustain the verdict.

The points upon which defendant relies were presented on the demurrer, on the motion in arrest of judgment, and on the motion for a new trial. They are these: That there is a variance in the indictment, and that James B. Lankersheim could not have been injured or defrauded by the alleged forgery.

There is no variance in the statement in the indictment, of the acts which constitute the offense; but the indictment alleges, by way of designation of the offense, that the defendant falsely and feloniously made a bill of exchange for the payment of money, with intent to defraud one James Lankersheim. This is followed by the statement of the acts which constitute the offense; from which it appears that the defendant, on the 15th day of December, 1879, made a bill of exchange in the following words and figures, to wit:

"LOS ANGELES, December 13th, 1879.

"$325.   At sight, pay to the order of the Farmers' and Merchants' Bank of Los Angeles $325 gold coin, value received, and charge the same to account of          L. H. FERRIS.

" To Charles Brannard, Hartford, Connecticut.   No.—— State Bank."

That he indorsed this bill of exchange as follows :

"James B. Lankersheim.   Messrs. Laidlaw & Co., Bankers, New York:   Pay to account Farmers' and Merchants' Bank of Los Angeles, Cal."

And that this indorsement of the name of James B. Lankersheim was falsely and feloniously made, with intent to defraud the said James B. Lankersheim out of the said sum of $325. These acts were proved and found by the verdict.

The mere omission of the initial of the middle name of James B. Lankersheim, in the designation of the offense, was immaterial.   It could not in any way have misled or surprised the defendant to his prejudice in making his defense.   (*People* v. *Boggs*, 20 Cal. 432 ; *People* v. *Lockwood*, 6 id. 205.)   No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of. a substantial right of the defendant.   (§ 960 Pen. Code.)   There was, therefore, no error in overruling the demurrer to the indictment on the ground of variance.   Besides, the demurrer was not specially directed to the first count of the indictment, in which the immaterial variance occurs.   It was a general demurrer to an indictment containing two counts : one of which, on its face, was confessedly sufficient; and on that ground alone the Court below properly overruled the demurrer.

There was no variance between the allegations of the acts constituting the offense and the proofs ; both fully correspond, and the testimony is all one way.   But it is urged, that, as the bill of exchange was made payable to the Farmers' and Merchants' Bank, no injury could have accrued to Lankersheim from the forged indorsement until the instrument had been presented to the bank for payment, or had been indorsed by the bank; and there is no proof that one or other of those things were done.

It is true, that to constitute forgery the forged instrument must be one which, if genuine, may injure another. The instrument described in the indictment is, we think, of that character. It is a negotiable instrument, according to the provisions of article i, title xv, of the Civil Code, and any one who writes his name upon such an instrument, otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is an indorser (§ 3108, Civ. Code), and as such becomes liable thereon to every subsequent holder.

The indorsement here is an unqualified indorsement; and by it the indorser warrants to every subsequent holder who is not liable thereon to him: (1) that the instrument is, in all respects, what it purports to be; (2) that he has a good title to it; (3) that the signatures of all prior parties are binding upon them; and (4) that if the instrument is dishonored, he will, upon notice, or without notice where it is excused by law, pay the amount of money specified therein, with interest. (§ 3116, Civ. Code.)

The instrument is, therefore, such an instrument as may injure the person whose name on it was forged; and the proofs being all one way as to the forgery, it follows that the verdict was not contrary to the evidence or law, and that the Court below did not err in denying the motion for a new trial, or in arrest of judgment.

It is objected, that the Court orally instructed the jury to acquit the defendant unless they found him guilty under the first count of the indictment. In this, the Court did not misdirect the jury to the prejudice of the defendant. The second count had been withdrawn, and the first was the only one left upon which the jury could return a verdict. But the statute authorized oral instructions to be given to the jury in a criminal case, if taken down by the short-hand reporter. The legal presumption is, that that was done. It is for the defendant to overcome that presumption. He must affirmatively show error: the Court will not presume it. There appears no error in the record, and the judgment and order denying a new trial are affirmed.

ROSS, J., and McKINSTRY, J., concurred.