(December 17, 1894.)

## STATE v. PRESTON.

[38 Pac. 694.]

VAGRANCY—INFORMATION—SUFFICIENCY OF ALLEGATION.—Under subdivision 31, section 2230 of the Revised Statutes, and subdivision 25, section 69, Second Session Laws of 1893, page 116, an information for vagrancy which alleges, "that the defendant, Frank A. Preston, on the sixth day of May, 1894, and for three weeks prior thereto, at Pocatello in the county of Bannock and state of Idaho, unlawfully roamed and unlawfully has roamed about from place to place without any lawful business, willfully, and unlawfully was, has been and continues to be, and still is an idle and dissolute person, who wanders and roams about the streets of said city at late and unusual hours of the night, has continued to be and still is an idle and dissolute person who lives and has lived in and about houses of ill-fame there situated," is sufficient.

ORDINANCES—MUNICIPAL CORPORATIONS.—Municipal corporations may pass ordinances for the punishment of and may punish for the same acts as are punishable under the Penal Code, when authorized so to do by the law under which such towns and villages are organized.

VERDICT—SUFFICIENCY OF.—*Held*, that the following verdict was sufficient to sustain the judgment, to wit: "We, the jury, in the above-entitled cause, find the defendant guilty of being a vagrant at the time charged in the complaint."

VERDICT—FORM OF.—The form of said verdict did not prejudice or tend to prejudice the defendant in any substantial right; hence, should not be held invalid because of any surplusage it contains.

OBJECTIONS.—An objection that does not point out or allege the ground of such objection will not be considered.

INSTRUCTIONS.—When only a part of the charge to the jury is contained in the record, an exception to that part on the ground that it fails to instruct on the question of "reasonable doubt" will not be considered, unless the record shows that the part of the charge omitted from the record failed to instruct upon that question.

ORAL INSTRUCTIONS—WITHOUT CONSENT ERROR WILL NOT BE PRESUMED.—When an oral instruction is given to the jury and the defendant desires to except thereto on the ground that he has not consented that oral instructions may be given, it must be made to appear affirmatively from the record that consent was not given; otherwise the exception will not be considered. Error will not be presumed but must affirmatively appear from the record.

INSTRUCTION MUST BE IN WRITING UNLESS BY MUTUAL CONSENT—STENOGRAPHER'S NOTES.—Subdivision 6, section 7855, Revised Statutes of 1887, requires the judge to reduce all instructions to writing before giving them to the jury, unless by the mutual consent of parties they are given orally. The end sought by this provision is the preservation of the instructions *verbatim* as they came from the lips of the judge, so that there will be no dispute as to their form or substance in the subsequent proceedings in the case. *Held,* that the stenographic reporter's act (15 Idaho Session Laws, 29), by requiring the reporter to correctly report all proceedings of the court, requires him to take in writing all oral instructions given, and thus secures the end sought by the provisions of said subdivision 6.

PRESUMPTION THAT REPORTER TOOK ALL ORAL INSTRUCTIONS.—Unless the record affirmatively shows that the court reporter failed to take down all oral instructions, the presumption is that he did do so.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Hawley & Puckett and D. C. Lockwood, for Appellant.

The charge is violation of a city ordinance. Subdivision 31 of section 2230 of Revised Statutes gives authority to punish by municipal ordinance all vagrants or other persons found in a town or village without visible means of support or some legitimate business. This is not charged in the complaint. If the complaint charges anything at all, it charges a crime under section 7208 of the Revised Statutes. (*Ex parte Kearney,* 55 Cal. 225; Idaho Const., art. 12, sec. 2; *People v. Buchanan,* 1

Idaho, 681.)   The defendant did not consent to an oral charge,. and the court had no right to give an oral charge without such consent.   (Rev. Stats., sec. 7855, subd. 6.)

George M. Parsons, Attorney General, for State.

Appeals from the police court of Pocatello to the district court are governed by the same rules as appeals from justice of the peace courts to the district court, and the case was tried anew. (2d Sess. Laws, sec. 36, p. 103; Rev. Stats., sec. 8325.)   The complaint was sufficient.   The statute expressly confers the power upon cities to pass ordinances relative to vagrants, in addition to the general power to pass ordinances for the welfare and police protection of the city.   (Rev. Stats., sec. 2230, subd. 31; 2d Sess. Laws, sec. 69, subd. 25, p. 116.)   The ordinance is constitutional, being in harmony with the general laws of the state.   (Cooley's Constitutional Limitations, 6th ed., 239.) Municipal corporations may punish for the same acts as are punishable under the Penal Code of the state, when authorized so to do by charter or general law under which corporation is organized.   (*McPherson v. Village,* 114 Ill. 46, 55 Am. Rep. 857, 28 N. E. 454; *St. Johnsbury v. Thompson,* 59 Vt. 300, 303, 308, 59 Am. Rep. 731, 9 Atl. 571; *State v. Clarke,* 54 Mo. 17, 14 Am. Rep. 471; *State v. Williams,* 11 S. C. 288; *Greenwood v. State,* 6 Baxt. 567, 32 Am. Rep. 539; *Hamilton v. State,* 3 Tex. App. 643; *State v. Bergman,* 6 Or. 341-343; *State v. Mayor,* 33 N. J. L. 57-63; Dillon on Municipal Corporations, secs. 367, 368, notes.)   "The verdict, although not very artistically worded, is sufficient in substance."   (*People v. Gilbert,* 57 Cal. 96-99; *People v. Purdue,* 49 Cal. 425-427; *People v. McCarty,* 48 Cal. 557-559.)   It is very generally held that the verdict is good if the intention of the jury can be determined. (*Kellum v. State,* 64 Miss. 226, 1 South. 174; *State v. Wilson,* 40 La. Ann. 751, 5 South. 52; *Cheek v. Commonwealth,* 87 Ky. 42, 7 S. W. 403; *Crook v. State,* 27 Tex. App. 198, 11 S. W. 444; *Bidwell v. State* (Tex.), 20 S. W. 556; *Stepp v. State,* 31 Tex. Cr. Rep. 349, 20 S. W. 753; *Pace v. State* (Tex.), 20 S. W. 762; *Jenkins v. State,* 92 Ga. 470, 17 S. E. 693.)   The judgment will not be reversed because of any irregularity or informality not prejudicial to a substantial right of the defendant.   (*State v.*

*Jorgenson,* 3 Idaho, 620, 32 Pac. 1129; *State v. Reed,* 3 Idaho, 754, 35 Pac. 706; *State v. Clark,* ante, p. 7, 35 Pac. 710; Rev. Stats., sec. 8236.) The instructions in a criminal case are certainly a part, and a very important part, of the proceedings, and it is the duty of the stenographic reporter to take down the charge as given. (15th Sess. Laws, p. 25; *People v. Herscy,* 53 Cal. 574; *People v. Wheatley,* 88 Cal. 114, 26 Pac. 95; *People v. McGregor,* 88 Cal. 140, 26 Pac. 97.) It has been definitely settled that instructions given by the court of its own motion must be excepted to when given, in order to make an exception available on appeal. (*People v. Biles,* 2 Idaho, 114, 6 Pac. 120; *Cook v. Territory,* 3 Wyo. 110, 4 Pac. 887; *Ryall v. Central Pac. R. R. Co.,* 76 Cal. 474, 18 Pac. 430; *Goldman v. Bashore,* 80 Cal. 146-149, 22 Pac. 82; *State v. Schieler,* ante, p. 120, 37 Pac. 272; *People v. Hart,* 10 Utah, 204, 37 Pac. 330.) "Where the entire charge, considered together, fairly and correctly presents the law bearing upon the issues tried, the appellate court will not disturb the judgment." (*Territory v. Evans,* 2 Idaho, 425, 17 Pac. 139; *State v. Schieler,* ante, p. 120, 37 Pac. 272; *People v. Chun Heong,* 86 Cal. 329, 24 Pac. 1021; *People v. Etting,* 99 Cal. 577, 34 Pac. 237.)

SULLIVAN, J.—The defendant was arrested on a complaint filed by the city marshal of Pocatello in the office of the police magistrate of that city, charging him with violating a city ordinance defining vagrancy, and prescribing punishment therefor. The defendant interposed a demurrer to the complaint, which was overruled, and upon trial the defendant was convicted. An appeal was taken to the district court, where the defendant was tried anew, and convicted, and sentenced to pay a fine of ninety-nine dollars. Motion in arrest of judgment was made and overruled. Thereupon the defendant took this appeal.

The first error assigned is, "That the demurrer to the complaint should have been sustained." The record fails to show that the demurrer was insisted on in the district court, or that it was passed upon by that court. The record shows that a demurrer was interposed in the police court, and overruled. The ground of said demurrer was that the complaint did not state facts sufficient to constitute a public offense. Subdivision 31,

section 2230 of the Revised Statutes, and subdivision 25, section 69, page 116 of the Laws of Second Session, authorize towns and villages to pass by-laws and ordinances for the punishment of vagrants and persons found in the town without visible means of support or some legitimate business. The complaint charges that the defendant is an idle and dissolute person, without any lawful business, and that he roams about the streets of said city at late and unusual hours of the night, and lives in and about houses of ill-fame. Section 7208 of the Revised Statutes, defines what persons are vagrants, and, among others, it declares a person who roams about from place to place, without any lawful business, or an idle or dissolute person, who wanders about the streets at late or unusual hours of the night, or a lewd and dissolute person, who lives in and about houses of ill-fame, to be a vagrant. The complaint sufficiently charges the crime of vagrancy, and there was no error in overruling the demurrer. (*Ex parte McCarthy,* 72 Cal. 384, 14 Pac. 96.)

Appellant further contends that towns and villages cannot punish for vagrancy, for the reason that the crime is punishable under the Penal Code, and cites *In re Sic,* 73 Cal. 142, 14 Pac. 405, which holds that: "A municipal corporation has no power, under section 11 of article 11 of the constitution, to pass an ordinance punishing exactly the same acts which are punishable under the general laws of the state." This decision has been reaffirmed in several subsequent decisions of the supreme court of that state. Those decisions seem to proceed upon the theory that to permit towns and villages to punish for offenses that are punishable under the penal statutes of the state would be contrary to that provision of the constitution which provides that no one shall be twice put in jeopardy for the same offense, and hold such ordinances void for that reason, or as in conflict with the statutes providing punishment for the same offense. In the case last above cited the court says: "The decisions on this question are so very conflicting that they present no obstacle to our considering it as a new one," etc., and proceeds to consider it as a new one, and hold such ordinances void. After carefully considering the authorities on both sides of this question, I find that the clear weight of authority and reason is against the rule adopted by the supreme court of California, and conclude

that said ordinance is valid, and should be sustained, and cite in support thereof a few of the authorities which sustain our position: 1 Dillon on Municipal Corporations, secs. 367, 368,. and notes; *McPherson v. Village of Chebanse,* 114 Ill. 46, 55 Am. Rep. 857, 28 N. E. 454; *St. Johnsbury v. Thompson,* 59· Vt. 300, 59 Am. Rep. 731, 9 Atl. 571; *Greenwood v. State,* 6 Baxt. 567, 32 Am. Rep. 539; *State v. Clarke,* 54 Mo. 17, 14 Am. Rep. 471; *Hamilton v. State,* 3 Tex. App. 643; *State v. Bergman,* 6 Or. 341: *State v. Mayor etc. of Morristown,* 33 N. J. L. 57; Bishop on Statutory Crimes, sec. 23; Cooley's Constitutional Limitations, 6th ed., 239. The author of the last authority above cited, at page 239, says: "Indeed, an act may be a penal offense under the laws of the state, and further penalties under proper legislative authorities be imposed for its commission by municipal by-laws, and the enforcement of the one would not. preclude the enforcement of the other"; and in note 4, he says: "Such is the clear weight of authority, though the decisions are not uniform." Mr. Bishop, in his work on Statutory Crimes,. at section 23, says: "In some states, under their statutes, it is deemed not competent for the corporation to render punishable by by-law what is already a crime under the general law. In other states this is not held, and effect is given to by-laws making punishable what is so also under the general law. And where the terms of the incorporating act clearly include the power, such result would appear to be unquestionable." The legislature of this state has conferred on towns and villages, under proper ordinances or by-laws, authority to punish vagrants and persons found without visible means of support or some legitimate business, and the ordinance in question is clearly within the authority so conferred.

The appellant assigns as error the insufficiency of the verdict to sustain the judgment. The verdict is as follows, to wit: "We, the jury in the above-entitled cause, find the defendant guilty of being a vagrant at the time charged in the complaint." The intention of the jury cannot be misunderstood from the language of the verdict. Whether the jury found the appellant "guilty" or "not guilty" requires no construction of the wording of the verdict to determine. The verdict is not in the usual form prescribed by the Penal Code, but section 8236

of the Revised Statutes provides as follows: "Neither a depar-
ture from the form or mode prescribed by this code in respect to
any pleading or proceeding nor any error or mistake therein
renders it invalid, unless it has actually prejudiced the defend-
ant or tended to his prejudice in respect to a substantial right."
(See, also, *Kellum v. State,* 64 Miss. 226, 1 South. 174; *State
v. Wilson,* 40 La. Ann. 751, 5 South. 52.)    There is no pre-
tense that the defendant has been prejudiced in any substantial
right by the form of said verdict, or that it is indefinite or un-
certain as to the conclusion reached by the jury.   The verdict
is sufficient to sustain the judgment.    (*State v. Reed,* 3 Idaho,
754, 35 Pac. 706; *State v. Clark,* ante, p. 7, 35 Pac. 710.)

The fourth error assigned is the giving of an oral instruction.
It appears from the record that the court gave the following
oral charge to the jury: "1. The jury are instructed, if they
believe from the evidence that the facts alleged in the com-
plaint of the plaintiff filed herein are true, they will find the
defendant guilty as charged."   The record then proceeds as fol-
lows, to wit: "Rest of the charge immaterial to raise question
presented to the court.   To which charge defendant objected,
which objection by the court was overruled, to which ruling
defendant excepted."   It appears from the above that defend-
ant objected to the charge, but on what ground the record fails
to disclose.   It is not sufficient for a party to say that they
"object."   The ground of his objection must be stated.   The
court cannot be left to guess the ground of such objection.
This  principle is elementary, and needs no citation of authori-
ties.   It may be that defendant objected to the instruction on
the ground that it misstated the law, or on the ground that it
was given orally.   How was the court to ascertain the ground
of the objection if not informed by the party objecting?   How-
ever, considering this matter of some considerable importance,
and as it has been fully argued by respective counsel, I will
consider the objections presented by the brief.   Appellant in-
sists in this court that there was error: 1. Because the instruc-
tion was not given in writing; 2. Because it is not the law;
and on the second ground urges that it is not the law because
it fails to state that the jury must believe the defendant guilty
"beyond a reasonable doubt" before they can convict.   There is

nothing in this contention, for the reason that the record shows. that other instructions were given, and it is not shown but what. the instructions given covered fully said ground of objection.. Subdivision 6 of section 7855 of the Revised Statutes, reads as. follows: "The judge must then charge the jury if requested by either party; he may state the testimony and declare the law,. but must not charge the jury in respect to matters of fact; such charge must be reduced to writing before it is given, unless by mutual consent of the parties it is given orally." California had a statute the same in substance as the one above quoted, and in a long line of decisions, beginning with *People v. Beeler,* 6 Cal. 246, down to *People v. Hersey,* 53 Cal. 574, it was held that it was error *per se* to charge the jury orally except by consent of the parties. Said section of the California statute (Pen. Code, sec. 1093), as amended in 1874, provides, in subdivision 6, that if the charge be not given in writing, it must be taken down by the phonographic reporter. It is also held by some California decisions, a number of which are cited in *People v. Hersey, supra,* that the provisions of said statute are mandatory, and not merely directory. In some of said decisions it is held that when the record fails affirmatively to show consent of defendant to oral instructions, the judgment will be reversed. But in *People v. Ferris,* 56 Cal. 442, the earlier decisions of that court upon that point appear to have been overruled, or a different rule applied. And the change appears to have been based on the amendment to section 1093 of the Penal Code of California, which requires the stenographic court reporter to take down all oral instructions. In that case last cited the court says: "It is objected that the court orally instructed the jury to acquit the defendant, unless they find him guilty under the first count of the indictment. In this, the court did not misdirect the jury to the prejudice of the defendant. The second count had been withdrawn, and the first was the only one left upon which the jury could return a verdict. But the statute authorized oral instructions to be given to the jury in a criminal case if taken down by a shorthand reporter. The legal presumption is that that was done. It is for the defendant to overcome that presumption. He must affirmatively show error; the court may not presume it. There appears no

error in the record, and the judgment and order denying a new trial are affirmed."

The principle that the appellant must affirmatively show error, that the court will not presume it, is laid down in *People v. Wheatley,* 88 Cal. 114, 26 Pac. 95, and *People v. McGregor,* 88 Cal. 140, 26 Pac. 97. In *People v. Wheatley,* 88 Cal. 114, 26 Pac. 95, the court says: "Where there is nothing in the record to show that the information was not read by the clerk to the jury, it will be presumed that it was so read." In *Parker v. Altschul,* 60 Cal. 381, the court says: "All presumptions are in favor of the correctness of the proceedings of courts of general jurisdiction, and, as the consent of the defendants would have justified the order, we must presume that such consent was given, there being nothing in the record to show that it was not." (*White v. Abernathy,* 3 Cal. 426; *Lowe v. Turner,* 1 Idaho, 107; *Goodman v. Milling Co.,* 1 Idaho, 131; *Hazard v. Cole,* 1 Idaho, 276.) The cases here cited are civil cases, but the principle enunciated applies to courts of general jurisdiction, whether acting in civil or criminal matters. In the case at bar it would have been an easy matter (if true) for the defendant to have shown in his bill of exceptions that said instructions were not taken in writing, and that they were given without his consent. It is urged by the attorney general that subdivision 6, section 7855 of the Revised Statutes of 1887, was modified by the stenographic court reporter act, in that it requires such reporter to correctly report all proceedings had in said court, and therefore requires the reporter to report or reduce to writing all oral instructions; and to hold that they should also be written out by the judge would be an absurdity; that to all intents and purposes the said subdivision 6, in connection with the stenographic reporter act, leaves our law upon the question of oral instructions substantially the same as the California law upon that subject. · I think the position of the attorney general is well taken. The reason for the rule laid down in subdivision 6 of said section 7855 was to preserve the instruction in form and substance the same as when delivered to the jury, so that, on motion for a new trial, or on appeal, the instruction may be had *verbatim* as delivered from the lips of the judge. The end thus sought is secured by said stenographic

reporter's act. The instructions must be reduced to writing by the reporter. That being done, the object of the law is attained. Unless the record affirmatively shows that the court reporter failed to reduce the instructions to writing, the presumption is that he did do so. Error must be affirmatively shown by the record; it will not be presumed. The judgment of the lower court is affirmed.

Huston, C. J., and Morgan, J., concur.