# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38877

RANDY POOLE and TRUDI POOLE, )
husband and wife, )    Boise, September 2012 Term
)
   Plaintiffs-Counterdefendants-Appellants, )    2012 Opinion No. 129
)
v. )    Filed: November 14, 2012
)
DARIN DAVIS, d/b/a DARIN DAVIS )    Stephen Kenyon, Clerk
CONSTRUCTION, )
)
   Defendant-Counterclaimant-Respondent. )
)

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Hon. Peter D. McDermott, Senior District Judge.

The district court order finding that neither party prevailed is affirmed.

Beard St. Clair Gaffney PA, Idaho Falls, for appellants.

Maguire & Penrod, Pocatello, for respondent.

_____

## ON THE BRIEFS

HORTON, Justice.

Randy and Trudi Poole filed an action against Darin Davis, dba Darin Davis Construction (Davis), alleging breach of contract, breach of warranty, and fraud. Davis counterclaimed for breach of contract, unjust enrichment, and promissory estoppel. The jury found that the Pooles had prevailed only on the fraud claim and that Davis had not proved any of his counterclaims. The district court entered judgment in favor of the Pooles for $65,331 in damages on the fraud claim. The Pooles moved for attorney fees and costs, claiming that as the prevailing party in a dispute over a commercial transaction, they were entitled to fees pursuant to Idaho Code § 12-120(3). The court determined that there was no prevailing party and denied the motion. The Pooles timely appealed, asking this Court to reverse the decision of the district court and find, as a matter of law, that the Pooles are the prevailing party and are entitled to attorney fees. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the Pooles entered into a written contract with Davis to build the Pooles a house near Blackfoot, Idaho. After a dispute over the cost of the construction, the Pooles filed a complaint against Davis, alleging two counts of breach of contract and one count of breach of the implied warranty of workman-like performance. The Pooles later filed an amended complaint, adding a count of fraud and alleging damages of at least $171,592. Davis eventually filed a counterclaim for breach of contract, unjust enrichment, and promissory estoppel. The case went to trial and the jury returned a verdict finding that Davis did not breach the contract or the implied warranty of workman-like performance, but did commit fraud. The jury awarded damages in the amount of $65,331. After the trial, the Pooles requested an award of attorney fees. The district court held a hearing at which both parties argued the attorney fees issue, and the court denied the request after determining that there was no prevailing party. The Pooles moved for reconsideration of the attorney fees issue. After conducting another hearing and considering the parties' arguments, the district court issued an order denying the motion for reconsideration.

# II. STANDARD OF REVIEW

Determination of the prevailing parties in a civil action is committed to the sound discretion of the trial court. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 718-19, 117 P.3d 130, 132-33 (2005) (citing *Burns v. Baldwin,* 138 Idaho 480, 486–87, 65 P.3d 502, 508–09 (2003)). When reviewing a district court's decision to determine whether the court abused its discretion, "this Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason." *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010) (citing *Shore v. Peterson,* 146 Idaho 903, 915, 204 P.3d 1114, 1126 (2009)). "Only in the rarest of circumstances will this Court reverse the district court's determination of which party prevailed." *Shore*, 146 Idaho at 914, 204 P.3d at 1125.

# III. ANALYSIS

## A. The record on appeal is not sufficient to permit this Court to review the Pooles' claims.

The Pooles contend that the district court abused its discretion by finding that there was no prevailing party because "there are no written orders" that explain the district court's reasons

for its determination. Davis responds that the Pooles have not provided a record on appeal that would permit this Court to determine whether the district court abused its discretion. We hold that the record on appeal does not permit this Court to meaningfully review the district court's decision.

### 1. The district court is not required to issue written findings to support its prevailing-party determination.

To the extent the Pooles contend the district court erred by failing to explain its prevailing-party determination in writing, their argument is not persuasive. As we have explained, "the law is clearly settled that when awarding attorney fees in a civil action, the district court must consider the I.R.C.P. 54(e)(3) factors, but need not make specific written findings on the various factors." *Lee v. Nickerson*, 146 Idaho 5, 11, 189 P.3d 467, 473 (2008) (citations omitted). This rule is based upon the text of Rule 54(e)(3), which sets forth the factors that "the trial court 'shall *consider* ... in determining the amount of such fees.' (Emphasis added.)" *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988) (quoting I.R.C.P. 54(e)(3)), *overruled on other grounds by Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 130 P.3d 1127 (2006). The plain language of the Rule "does not require written findings on each factor," and the court's "failure to specifically address each separate factor does not, by itself constitute a 'clear manifest abuse of discretion.'" *Id.* Thus, in the context of the district court's determination of the amount of fees, the absence of written findings does not, *per se*, demonstrate an abuse of discretion.

Similarly, the text of Rule 54(d) explicitly places the prevailing-party decision in the court's discretion and requires only that the trial court "consider" all the issues and claims:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion *consider* the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after *considering* all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B) (emphasis added). The analysis of Rule 54(e)(3) articulated in *Lee* and *Brinkman* is also applicable to prevailing-party determinations. The text of Rule 54(d) does not support a requirement for written findings. Rather, it provides for a discretionary decision to be based upon the court's consideration of certain factors. We therefore hold that the district court's

3

failure to issue any written findings regarding its prevailing party analysis is not, by itself, an abuse of discretion.

**2. The Pooles have not provided a sufficient record on appeal.**

It is a long-standing principle that this Court will not presume error by a trial court. As early as 1867, the Territorial Supreme Court held that "[a]n appellate court will not presume error in the court below, and thus throw the *onus* on the respondent of establishing its correctness." *Goodman v. Minear Mining & Milling Co.*, 1 Idaho 131, 134 (1867). The Court continued that "[a]ll intendments must be in favor of sustaining the judgments of courts of original jurisdiction, and to disturb such judgment, it is not sufficient that error may have intervened, but it must be affirmatively shown by the record." *Id.* (quotation omitted). More recently, we held that an appellant bears the burden of providing a record that is sufficient "to substantiate his or her claims on appeal." *Jacklin Land Co. v. Blue Dog RV, Inc.*, 151 Idaho 242, 249, 254 P.3d 1238, 1245 (2011) (quoting *W. Cmty. Ins. Co. v. Kickers, Inc.,* 137 Idaho 305, 306, 48 P.3d 634, 635 (2002)). Indeed, not only is error not presumed, but if "a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the trial court." *State v. Willoughby*, 147 Idaho 482, 488, 211 P.3d 91, 97 (2009) (citing *Slack v. Kelleher,* 140 Idaho 916, 924, 104 P.3d 958, 966 (2004)). In *Jacklin*, the appellant argued that the district court erred in awarding attorney fees to the respondent. 151 Idaho at 249, 254 P.3d at 1245. While we ultimately vacated the judgment for the appellant, we also held that the record the appellant submitted was inadequate to review the issue of attorney fees because it did not include the respondent's memorandum of costs, a motion opposing costs, or any order by the district court and that we would "not presume error" by the district court. *Id.* In another case, we affirmed a district court's denial of an appellant's post-trial motion because the appellant "failed to include a copy of the hearing transcript or the district court's written ruling in the record on appeal," holding that when the record is inadequate "to review the [appellant's] claims, we will not presume error below." *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 751, 215 P.3d 457, 471 (2009). Thus, unless the appellant affirmatively demonstrates error from the record, this Court presumes that the trial court's decision was proper.[1]

---

[1] While the presumption against error is well-established, our research yielded two prior cases in which we noted the appellant's failure to provide an adequate record, but still granted the relief the appellant requested. *Perkins v. U.S. Transformer West*, 132 Idaho 427, 430, 974 P.2d 73, 76 (1999); *Appel v. LePage*, 135 Idaho 133, 138-39, 15 P.3d

In this case, the record on appeal does not allow us to determine whether the district court abused its discretion. The record shows that the district court held a hearing on the Pooles' motion for attorney fees and costs on March 4, 2011, and at the conclusion of the hearing, found that there was no prevailing party. The Pooles moved for reconsideration of the court's decision, and a hearing was held on April 22, 2011. The district court denied the motion, again concluding that there was no prevailing party. As the Pooles note, the record contains two documents titled *Minute Entry and Order*, which recite the court's finding that there was no prevailing party, but there is no written explanation of the court's rationale for the decision. The minute entries also indicate that counsel for both parties presented argument at the hearings. However, the record does not include a transcript of either hearing. If we had these transcripts, we could have reviewed them to determine whether the district court abused its discretion. Instead, the Pooles ask this Court to review the district court's decision without knowing the the legal standard the court applied or the reasons for its determination. We must decline this invitation. Without transcripts from the hearings, the record is not sufficient to substantiate the Pooles' claim that the district court abused its discretion.

Thus, without benefit of the hearing transcripts, the only way this Court could grant the relief the Pooles seek would be to hold, as a matter of law, that where a plaintiff recovers on any of its claims and avoids liability on all counterclaims, it is entitled to attorney fees as the prevailing party. The Pooles filed two claims for breach of contract, one claim for breach of the implied warranty of workman-like performance, and one claim of fraud.[2] They successfully recovered damages on their claim of fraud and avoided liability on Davis's counterclaims. But they were not successful on their other theories of recovery. To hold that this factual scenario entitles the Pooles to attorney fees as a matter of law would require the Court to ignore precedent. For example, in *Israel v. Leachman*, the Court held that in cases where "there are claims, counterclaims and cross-claims, the mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim." 139 Idaho 24, 27, 72 P.3d 864, 867 (2003) (quoting *Chenery v. Agri-Lines Corp.,* 106 Idaho 687, 691, 682 P.2d 640, 644 (Ct.App.1984)). The Israels, like the Pooles in this case, were Plaintiff-

---

1141, 1146-47 (2000). Therefore, to the extent that the holdings in those cases are contrary to our holding today, they are overturned.

[2] We note that while the Pooles contend that they "always asserted the fraud and breach of contract in the alternative," their fraud claim was filed in the alternative only as to the first breach of contract claim.

Appellants contesting a denial of attorney fees after prevailing on some claims but not on others. *Id.* at 25-26, 72 P.3d at 865-66. We affirmed the district court, reasoning that Rule 54(d) does not mandate an award of fees to a party that has prevailed on only some of its claims. *Id.* at 27-28, 72 P.3d at 867-68. We have continued to cite *Leachman* for this proposition since it was released. *See, e.g., Caldwell v. Cometto*, 151 Idaho 34, 40-41, 253 P.3d 708, 714-15 (2011); *Jorgensen v. Coppedge*, 148 Idaho 536, 538-39, 224 P.3d 1125, 1127-28 (2010); *Shore v. Peterson*, 146 Idaho 903, 914, 204 P.3d 1114, 1125 (2009). We reaffirm that a party prevailing on one of several claims is not thereby entitled to attorney fees pursuant to Rule 54(d).

**B. Attorney fees on appeal.**

The Pooles request attorney fees on appeal pursuant to Idaho Code § 12-120(3). Under that statute, only the prevailing party is entitled to an award of attorney fees. I.C. § 12-120(3). Because we affirm the district court's order that neither party prevailed, the Pooles are not entitled to attorney fees on appeal.

Davis also requests attorney fees on appeal pursuant to Idaho Code § 12-120 and I.R.C.P. 54(d)(1)(B). When a party requests attorney fees pursuant to a statute, "the party must cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies." *Capps v. FIA Card Servs., N.A.*, 149 Idaho 737, 744, 240 P.3d 583, 590 (2010) (quoting *Bream v. Benscoter,* 139 Idaho 364, 369, 79 P.3d 723, 728 (2003)). Further, this Court has held that a party requesting attorney fees on appeal must provide, in its initial brief, "authority and argument establishing a right to fees," and that merely citing "statutes and rules authorizing fees, without more, is insufficient." *Carroll v. MBNA Am. Bank*, 148 Idaho 261, 270, 220 P.3d 1080, 1089 (2009) (citations omitted).

Here, Davis's request for attorney fees on appeal consists of a single sentence at the end of his brief, with citations to Idaho Code § 12-120 and to the Idaho Rules of Civil Procedure. The citation to Idaho Code § 12-120 does not include a subsection and Davis provides no argument supporting the application of either authority. Therefore, Davis is not entitled to attorney fees on appeal.

## IV. CONCLUSION

We affirm the district court's order finding that neither party prevailed. Costs, but not attorney fees, to Davis.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

6