**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41599**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 630 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES ALLEN VAUGHN, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motions to modify no-contact order, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Charles Allen Vaughn was convicted of domestic battery in the presence of children. In addition to imposing a prison sentence, the court entered a no-contact order. Vaughn has repeatedly requested modifications to the no-contact order, which have been denied by the district court. In this case, Vaughn appeals the most recent denial of his motions seeking modifications of the no-contact order.

## I.

## BACKGROUND

We have described the facts of the underlying case, the substance of the no-contact order, and Vaughn's attempts to have the order amended in a prior appeal:

> The issues presented in the current appeal originate from a domestic battery Vaughn committed against his wife, T.V. The 911 call from T.V. recorded most of the confrontation. During the episode, Vaughn pushed T.V. onto the bed and strangled her. As T.V. struggled, Vaughn grabbed her by the

1

hair and hit her in the face. When T.V.'s eight-year-old son tried to help her, Vaughn dragged him by the neck and arm and threw him onto the bed also. Vaughn then picked up a pillowcase and told the boy, "I'm going to kill you." During the altercation, Vaughn accused T.V. of sleeping around and using drugs. Throughout the recording, children can be heard screaming and crying in the background. Responding officers not only saw evidence of injury on both T.V. and her son, but also found Oxycontin and methamphetamine at the home.

Vaughn was charged with attempted strangulation, Idaho Code § 18–923; domestic violence in the presence of children, I.C. §§ 18-903, 18-918; and two counts of possession of a controlled substance, I.C. § 37-2732(c)(1). The information was later amended to add misdemeanor injury to a child, I.C. § 18-1501(2), and resisting and obstructing officers, I.C. § 18-705. A no-contact order (NCO) was issued prohibiting Vaughn from contacting his children or T.V. In spite of the NCO, Vaughn was adamant about getting in touch with T.V. and his children. In a telephone conversation, Vaughn asked his parents to persuade T.V. not to testify at trial. He also sent letters to his parents to be forwarded to T.V. He sent letters to T.V.'s address "C/O Charles Vaughn," and contacted the family members of other inmates, asking them to "keep an eye on" T.V. He even contacted a sixteen-year-old girl from T.V.'s neighborhood, seeking to have her spy on T.V. and the children.

Eventually, a plea agreement was reached whereby Vaughn agreed to plead guilty to domestic battery in the presence of children, and the State agreed not to pursue a charge of witness intimidation and to dismiss the drug possession charges and charges for attempted strangulation, resisting and obstructing officers, and injury to children.

The court ordered mental health and domestic violence evaluations. The mental health assessment found that Vaughn had anger problems and was mad that he could not get back with his wife. The mental health assessment also found that Vaughn was polysubstance dependent and had a depressive disorder and a personality disorder with antisocial and histrionic features. Vaughn was assessed as a moderate to high risk to reoffend.

The domestic violence evaluation found that Vaughn was impulsive and lacked control over his aggressive impulses. It noted that he superficially expressed remorse but appeared to be "more focused on gaining positive recommendations rather than experiencing remorse about the . . . violence toward his wife and his children." The assessment also noted that Vaughn minimized his violence toward his entire family in the current incident as well as his past violence, and that "Vaughn's profile suggests that he is an extremely high risk for domestic violence as well as for violence towards members of the community at large."

On December 30, 2009, Vaughn was sentenced to a twenty-year term of imprisonment with five years fixed. On the same date, the court entered a new NCO prohibiting Vaughn from any contact with T.V. or with certain of his children and stepchildren until December 30, 2029. The court also noted that the NCO's protection of Vaughn's biological daughter was necessary because he had made specific threats against her.

2

In July 2010, Vaughn filed a pro se motion to modify the NCO to allow contact with his children and stepchildren through letters and telephone calls. The court denied the motion. On September 14, 2011, Vaughn filed a second motion to modify the NCO to allow written and telephone contact with his daughter, W.V. The court again denied the motion.

On November 7, 2011, Vaughn filed a third motion to modify the NCO to allow limited contact with W.V. In his supporting affidavit, Vaughn argued that disallowance of any contact with W.V. was not in her best interest, and would interfere with his ability to communicate with family members with whom W.V. then resided. Vaughn attached copies of coursework he had done while incarcerated to show his therapeutic progress. At the motion hearing, the court recounted the facts of the case, as well as Vaughn's history of prior batteries, domestic violence, and violations of NCOs. The court also reviewed information from Vaughn's prior mental health assessment and domestic violence evaluation which found him to be a high risk for violence and lacking empathy for others, and the court also noted that he had a record of poor behavior while incarcerated in this case, including violations of the NCOs. The court then denied the motion to modify the NCO.

*State v. Vaughn*, Docket Nos. 39526/40237 (Ct. App. Sept. 5, 2013) (unpublished). In that appeal, we affirmed the district court's denial of Vaughn's motions to modify the no-contact order. *Id.*

Four months after this Court's opinion in that appeal, Vaughn filed two additional motions to modify his no-contact order. The first was titled "Motion to Modify No Contact Order w/Brief in Support." In that motion, Vaughn requested permission to contact T.V. by mail in order to discuss their children, a pending child protection case brought against both parents, their pending divorce, and the return of certain property. He also requested permission to have contact with his minor daughter, W.V. On the same day, he filed a second motion titled "Motion to Amend no Contact Order as to the Conditions of Such Order w/Brief in Support." In that motion, he requested that the court amend the no contact order in order to "clarify" whether the Idaho Department of Health and Welfare was permitted to send him pictures of his children.

The State issued a short notice of its objection to the Vaughn's "second motion to modify the no contact order" a few weeks after Vaughn filed his motions. The State indicated that a memorandum in support of their objection would be forthcoming, but no memorandum appears in our record on appeal or in the district court's register of actions.

Over nine months later, Vaughn filed a notice requesting a hearing, or in the alternative, a ruling on the matter. In that notice he stated that he had filed "a motion to modify N.C.O.

w/brief in support, motion to amend N.C.O. as to it's [sic] conditions w/brief in support." The district court responded by writing "2nd Motion to Modify No Contact Order is hereby denied Oct. 30, 2013" on the face of his notice requesting a hearing. Vaughn appeals from this order.

## II.

## ANALYSIS

Vaughn argues that the district court erred on two grounds. First, Vaughn notes that these are his fourth and fifth motions to modify the no-contact order and the district court addressed his "2nd Motion." The court's language tracks the State's description of the motion in its objection. From these facts, Vaughn asks this Court to infer that the district court did not read Vaughn's motions and relied upon the State's objection. Second, he argues that the court failed to address his "motion for clarification."

A district court's decision to deny a motion to modify an NCO is reviewed under an abuse of discretion standard. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). The standard for considering whether the lower court abused its discretion is: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Id.*; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

As to Vaughn's first argument, that the court abused its discretion because it was unaware of how many previous motions he had filed, we find no error. "It is a long-standing principle that this Court will not presume error by a trial court." *Poole v. Davis*, 153 Idaho 604, 607, 288 P.3d 821, 824 (2012). The request that we infer that a district judge failed to read a motion is a request to presume error in violation of that principle. Instead, we conclude that Vaughn, as the appellant, bears the burden of showing error and has failed to do so. Even if the court erroneously believed that this was his second motion to modify the no-contact order, Vaughn has failed to show why that belief is relevant to the merits of his motion.

Vaughn's second argument is that the court failed to address his second motion, which he describes as the motion for clarification. He argues that the district court failed to "recognize that a motion [was] pending." We disagree. In his notice, Vaughn requested a ruling as to *both* of his pending motions and referred to both motions by their title. The only reasonable interpretation of the district court's order handwritten on the same document is that the court

4

intended to deny all motions referenced in that document. His argument, which attempts to differentiate the motion to amend from a "motion for clarification" is meritless. The motion in which Vaughn sought a clarification was titled "motion to amend." Therein, he requested clarification, but the means by which he asked the court to do so was an amendment of the order. The district court's order denying the request for modification is broad enough to cover both motions as they both seek to modify the no-contact order.

Vaughn makes no other argument that the denial order was erroneous. Accordingly, we find no error.

The order of the district court denying Vaughn's motions is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**