# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44259

STATE OF IDAHO, )
                                 )
     **Plaintiff-Respondent,** )       **Boise, December 2016 Term**
                                 )
**v.** )       **2016 Opinion No. 156**
                                 )
**DANIEL CHERNOBIEFF,** )       **Filed: December 30, 2016**
                                 )
     **Defendant-Appellant.** )       **Stephen W. Kenyon, Clerk**
_____ )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Daniel Steckel, Magistrate Judge; Hon. Gerald F. Schroeder, Senior District Judge.

The decision of the district court is affirmed.

Silvey Law Office, Ltd., Boise, for appellant. Greg S. Silvey argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

J. JONES, Chief Justice

Daniel Chernobieff appeals the denial of his motion to suppress the results of a warrantless blood draw. Following the magistrate court's denial of the motion, Chernobieff entered a conditional guilty plea. On appeal, the district court affirmed the magistrate court's denial of the motion to suppress. Chernobieff timely appealed.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2013, at around 11:00 p.m., Idaho State Police Corporal Matthew Sly responded to a request for assistance from another officer who had pulled Chernobieff over in a traffic stop. Upon arrival, Corporal Sly noticed the odor of an alcoholic beverage, that Chernobieff's eyes were "glassy and bloodshot," and that his speech was "slow and lethargic." Corporal Sly also noticed that Chernobieff was agitated and appeared to have difficulty

answering questions. Based upon these observations, Corporal Sly asked Chernobieff to perform standard field sobriety tests, but Chernobieff refused. Consequently, Corporal Sly placed Chernobieff under arrest for suspicion of driving under the influence ("DUI") and placed him in the patrol car. In the car, Corporal Sly played the audio version of the administrative license suspension form for Chernobieff and began the fifteen minute wait period required for a breath test. However, Chernobieff refused the breath test. Corporal Sly then contacted the on-call prosecutor for assistance in obtaining a warrant for a blood sample. The prosecutor asked Corporal Sly to transport Chernobieff to the jail, where a conference call would be set up with the on-call magistrate to obtain a search warrant. The prosecutor then unsuccessfully attempted to contact the magistrate. Over approximately ten minutes, the prosecutor attempted to call the magistrate between three and five times and left one or two voicemail messages. Unable to reach the magistrate to obtain a warrant, the prosecutor directed Corporal Sly to perform a blood draw due to exigent circumstances. Corporal Sly contacted the phlebotomist to perform a blood draw, and the test results indicated Chernobieff's blood alcohol content was 0.226.

The State charged Chernobieff with DUI with an excessive blood alcohol content. Chernobieff filed a motion to suppress, asserting that the warrantless blood draw violated his rights under both the United States and Idaho Constitutions. The magistrate court denied Chernobieff's motion, finding that the exigent circumstances exception to the warrant requirement applied under the specific facts of this case. Subsequently, Chernobieff filed a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. Chernobieff timely appealed to the district court, which affirmed the magistrate court's decision. Chenobieff again appealed and the Idaho Courts of Appeals affirmed. Chernobieff sought, and the Supreme Court granted, review.

## II.
## STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011). "On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *In re Doe*, 147 Idaho 243, 248, 207 P.3d 974, 979 (2009). "In reviewing an order granting or denying a motion to suppress

evidence, this Court will defer to the trial court's factual findings unless clearly erroneous." *State v. Donato*, 135 Idaho 469, 470, 20 P.3d 5, 6 (2001).

## III.
## ANALYSIS

The question before the Court is whether exigent circumstances existed to justify the warrantless blood draw. Chenobieff asserts the blood draw violated his constitutional protection against unreasonable searches and seizures and, consequently, that the district court erred in affirming the magistrate court's denial of his motion to suppress the evidence obtained in the blood draw.

The Fourth Amendment guarantees the right of every citizen to be free from unreasonable searches and seizures. U.S. Const. amend IV. "Requiring that a person submit to a blood alcohol test is a search and seizure under the Fourth Amendment to the United States Constitution and Article I Section 17 of the Idaho Constitution." *State v. Wulff*, 157 Idaho 416, 418, 337 P.3d 575, 577 (2014).

> Warrantless searches and seizures are presumptively unreasonable under the Fourth Amendment. To overcome this presumption of unreasonableness, the search must fall within a well-recognized exception to the warrant requirement. Exigency and consent are two well-recognized exceptions to the warrant requirement.

*Id.* at 419, 337 P.3d at 578. (internal citations omitted) "Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances." *Missouri v. McNeely*, ____ U.S. _____, 133 S.Ct. 1552, 1563 (2013). "[E]xigent circumstances justifying a warrantless blood sample may arise in the regular course of law enforcement due to delays from the warrant application process." *Id.* However, "while the natural dissipation of alcohol in the blood may support a finding of exigency in a specific case . . . it does not do so categorically." *Id.* "In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* at 1561

The district court affirmed the denial of Chernobieff's motion to suppress the blood test results, finding that the magistrate's determination of exigent circumstances was supported by the record. The magistrate noted delays in the proceedings leading up to the blood draw, including the delay resulting from the inability of the prosecutor to contact the on-call magistrate

in order to obtain a warrant and the fact that the level of alcohol in the blood dissipates over time. Although the record does not contain a specific timeline, it took some time for Corporal Sly to arrive on the scene, to play the administrative license suspension audio, to begin the 15 minute waiting period for a breath test, to transport Chernobieff to jail, and to contact the phlebotomist. The magistrate noted that some delay resulted from Chernobieff's refusal to perform field sobriety tests. The magistrate specifically mentioned that the prosecutor made a good-faith effort to reach a judge for a warrant, that the on-call judge could not be contacted in a number of attempts, that there was no back-up process to get a different judge, and that the prosecutor "appears to have done all he could to get a judge's permission to take the blood in a timely fashion." The district court, while upholding the magistrate's findings, observed that the inability to reach the on-call judge is "a problem one might expect more in a small county rather than in Ada County" and that "this breakdown has been exposed and can be addressed by a redundancy system, at least where multiple judges are available."

Chernobieff argues that the magistrate essentially concluded that when a prosecutor acts in good faith to obtain a warrant and is unsuccessful, a warrant is not required. Chernobieff contends that this ruling creates a per se exigency, which is prohibited by *McNeely*. He asserts the ruling means that any time the system fails there is a categorical exception allowing the prosecutor to claim exigent circumstances and draw blood without a warrant. Chernobieff further claims that the magistrate court did not analyze the totality of the circumstances, confining his focus to the prosecutor's effort to obtain a warrant. Additionally, he argues that the failure to obtain a warrant was the product of human error, not of external circumstances, such as phone communications going down in a storm. Chernobieff claims the delay in the present case was only five to ten minutes and that the prosecutor should have made additional attempts to contact the magistrate or tried other means to contact the magistrate, or that some sort of backup system should have been in place to reach a second magistrate.

In response, the State cites the Supreme Court's observation in *McNeely* that "[e]xigent circumstances justifying a warrantless blood sample may arise in the regular course of law enforcement due to delays from the warrant application process." 133 S.Ct at 1563. The State notes that the exigency in this case was created by the dissipation of alcohol and the inability to obtain a warrant despite the efforts of Corporal Sly and the prosecutor to do so. The State asserts that these factors do not create a categorical exception as Chernobieff contends. The State argues

4

that under the totality of the circumstances, there was an exigency created by dissipation of alcohol in Chernobieff's system and the delays occasioned in the warrant process.

The State argues that it was only after the unsuccessful attempts to contact the magistrate that the prosecutor instructed Corporal Sly to arrange for the blood draw under the exigent circumstances exception to the warrant requirement. The State claims that the Fourth Amendment does not require law enforcement to contact the magistrate through alternative methods, or to wait some indeterminate period of time after the prosecutor has made numerous unsuccessful attempts to contact the magistrate. The State argues that an external emergency is similarly not required. It asserts that the relevant question is whether the warrantless search would prevent the imminent destruction of evidence. *McNeely*, 133 S.Ct at 1558. The State concludes that Corporal Sly "could not reasonably obtain a warrant before a blood sample [could] be drawn without significantly undermining the efficacy of the search." *Id*. at 1561.

The proper analysis for determining if exigent circumstances exist is whether, under the totality of the circumstances of the case, the needs of law enforcement were sufficiently compelling that it was reasonable to conduct the blood draw without a warrant. *McNeely*, 133 S.Ct. at 1558. In its appellate review, the district court considered a number of factors, including the lateness of the hour, the various delays that occurred in the proceedings from the time Corporal Sly was called, and the dissipation in the level of blood alcohol with the passage of time. The district court specifically pointed to the prosecutor's attempt to obtain a warrant through the on-call magistrate who could not be reached. The district court also made reference to the delay resulting from Chernobieff's refusal to perform field sobriety tests, but in doing so the court erred. Any delay caused by Chernobieff's exercise of his Constitutional rights may not be considered. The court concluded that the magistrate considered the totality of circumstances and that the magistrate's findings were supported by substantial evidence. We concur. Even excluding the delay related to the field sobriety tests, there was substantial evidence to support the magistrate's findings. Therefore, we find that the district court did not err in affirming the denial of the motion to suppress the results of the blood draw.

The district court's observation regarding the inability to contact the on-call magistrate, particularly in Ada County where there are a number of magistrate judges, does raise some concern. The State has an obligation to provide a functional and reliable system for obtaining warrants in circumstances like these, both during regular office hours and through the night and

5

on weekends. When an on-call magistrate is unable to be reached by law enforcement, the State has the burden of showing why that is the case and that good cause exists for the unavailability. Here, the State sought to present evidence as to the reason for the magistrate's unavailability, but defense counsel objected and the evidence was stricken from the record. With no such evidence in the record, the Court presumes that the trial court ruled correctly. *Poole v. Davis*, 153 Idaho 604, 607, 288 P.3d 821, 824 (2012).

## IV.
## CONCLUSION

The decision of the district court is affirmed.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.