IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 47337

DANIEL CHERNOBIEFF, )
)
  Petitioner-Appellant, )  Boise, November 2020 Term
)
v. )
)  Opinion Filed: February 1, 2021
)
STATE OF IDAHO, )
)  Melanie Gagnepain, Clerk
  Respondent. )
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Gerald F. Schroeder, Senior District Judge. Daniel L. Steckel, Magistrate Judge.

The decision of the district court is affirmed.

Silvey Law Office, Ltd., Boise, for Appellant. Greg S. Silvey argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. John C. McKinney argued.

———————————————

BURDICK, Justice

In a case arising out of the Ada County magistrate court, Daniel Chernobieff appeals the Ada County district court's decision on intermediate appeal upholding the magistrate court's summary dismissal of his petition for post-conviction relief. This appeal concerns whether Chernobieff received ineffective assistance of counsel when his defense counsel objected to testimony that he alleges could have led to the suppression of evidence against him.

Chernobieff was convicted of a misdemeanor for driving under the influence with an excessive blood alcohol content in June 2014. After this Court upheld his conviction on direct appeal, Chernobieff filed a petition for post-conviction relief on the basis of ineffective assistance of counsel. He alleged that his defense counsel's decision to object to testimony at a suppression hearing suggesting that the on-call magistrate could not be reached to obtain a warrant because his cell phone ringer was off ("the ringer testimony") was unreasonable and prejudicial. He argues that the objection to the ringer testimony prevented him from arguing at trial that the State did not

1

have good cause for the on-call magistrate's unavailability. The magistrate court granted the State's motion for summary dismissal, reasoning that the objection was an unreviewable strategic decision and would not have changed the outcome of the case. The district court, sitting in its appellate capacity, affirmed. We affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts in this matter are undisputed and laid out succinctly in this Court's 2016 opinion on Chernobieff's direct appeal from his DUI conviction. Those facts are as follows:

> On September 11, 2013, at around 11:00 p.m., Idaho State Police Corporal Matthew Sly responded to a request for assistance from another officer who had pulled Chernobieff over in a traffic stop. Upon arrival, Corporal Sly noticed the odor of an alcoholic beverage, that Chernobieff's eyes were "glassy and bloodshot," and that his speech was "slow and lethargic." Corporal Sly also noticed that Chernobieff was agitated and appeared to have difficulty answering questions. Based upon these observations, Corporal Sly asked Chernobieff to perform standard field sobriety tests, but Chernobieff refused. Consequently, Corporal Sly placed Chernobieff under arrest for suspicion of driving under the influence ("DUI") and placed him in the patrol car. In the car, Corporal Sly played the audio version of the administrative license suspension form for Chernobieff and began the fifteen minute wait period required for a breath test. However, Chernobieff refused the breath test. Corporal Sly then contacted the on-call prosecutor for assistance in obtaining a warrant for a blood sample. The prosecutor asked Corporal Sly to transport Chernobieff to the jail, where a conference call would be set up with the on-call magistrate to obtain a search warrant. The prosecutor then unsuccessfully attempted to contact the magistrate. Over approximately ten minutes, the prosecutor attempted to call the magistrate between three and five times and left one or two voicemail messages. Unable to reach the magistrate to obtain a warrant, the prosecutor directed Corporal Sly to perform a blood draw due to exigent circumstances. Corporal Sly contacted the phlebotomist to perform a blood draw, and the test results indicated Chernobieff's blood alcohol content was 0.226.

> The State charged Chernobieff with DUI with an excessive blood alcohol content. Chernobieff filed a motion to suppress, asserting that the warrantless blood draw violated his rights under both the United States and Idaho Constitutions. The magistrate court denied Chernobieff's motion, finding that the exigent circumstances exception to the warrant requirement applied under the specific facts of this case. Subsequently, Chernobieff filed a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. Chernobieff timely appealed to the district court, which affirmed the magistrate court's decision. Chernobieff again appealed and the Idaho Courts of Appeals affirmed. Chernobieff sought, and the Supreme Court granted, review.

*State v. Chernobieff* [*Chernobieff I*], 161 Idaho 537, 539, 387 P.3d 790, 792 (2016).

This Court affirmed the district court in *Chernobieff I*, holding that substantial evidence supported the magistrate court and district court's determination that under the totality of the circumstances an exigency existed which justified a warrantless blood-draw. 161 Idaho at 541, 387 P.3d at 794. Although this Court affirmed the district court, it expressed concern about the procedures for obtaining an after-hours warrant in Ada County at the time of Chernobieff's arrest, stating:

> The State has an obligation to provide a functional and reliable system for obtaining warrants in circumstances like these, both during regular office hours and through the night and on weekends. When an on-call magistrate is unable to be reached by law enforcement, the State has the burden of showing why that is the case and that good cause exists for the unavailability.

*Id.*

On December 7, 2017, Chernobieff filed a petition for post-conviction relief. The State answered and moved for summary dismissal with the magistrate court hearing oral argument December 3, 2018. The magistrate court granted the State's motion for summary dismissal from the bench, reasoning that defense counsel's conduct was a strategic decision which should not be second-guessed and the admission of the ringer testimony would not have changed the result of the case.

On intermediate appeal, the district court affirmed the magistrate court, reasoning that Chernobieff was trying to review defense counsel's performance in hindsight based on this Court's opinion in *Chernobieff I* and that defense counsel's objection to the ringer testimony was an unreviewable strategic decision.

Chernobieff timely appealed the decision of the district court.

## II. ISSUE ON APPEAL

Whether the district court erred in affirming the magistrate court's decision to grant summary dismissal of the petition for post-conviction relief based on ineffective assistance of counsel.

## III. STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, this Court applies the following standard:

> [This Court] reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district

3

court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 76 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). Thus, while we review the record before the magistrate court, "we are procedurally bound to affirm or reverse the decisions of the district court." *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (internal quotations and citation omitted).

The Uniform Post Conviction Procedure Act (UPCPA), Idaho Code sections 19-4901 to 19-4911, "govern[s] all post-conviction claims that do not involve the death sentence." *McKinney v. State*, 133 Idaho 695, 705, 992 P.2d 144, 154 (1999) (citing I.C. § 19-4901(a)). An application for post-conviction relief under the UPCPA is a civil action, requiring the applicant to "prove by a preponderance of [the] evidence the allegations upon which the application for post-conviction relief is based." *Charboneau v. State* [*Charboneau IV*], 144 Idaho 900, 903, 174 P.3d 870, 873 (2007). "Summary dismissal of a petition for post conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56 and this Court must determine whether a genuine issue of material fact exists, with inferences liberally construed in favor of the petitioner." *Charboneau v. State* [*Charboneau III*], 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004) (citations omitted). On review, "a court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions." *Baldwin v. State*, 145 Idaho 148, 153, 177 P.3d 362, 367 (2008).

## IV. ANALYSIS

Chernobieff's petition for post-conviction relief turns on the ringer testimony's importance to the disposition of his motion to suppress. Chernobieff maintains that defense counsel's objection to that testimony was unreasonable and resulted in the denial of his motion to suppress the evidence resulting from the warrantless blood draw. If those results had been suppressed, Chernobieff argues, he would not have pleaded guilty to misdemeanor DUI, nor could the State have proven such an action against him beyond a reasonable doubt.

"The right to counsel in criminal actions brought by the State of Idaho is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho State Constitution." *Dunlap v. State*, 159 Idaho 280, 295, 360 P.3d 289, 304 (2015) (quoting *Murray v. State*, 156 Idaho 159, 164, 321 P.3d 709, 714 (2014)). Inseparable from this right is "the right to the effective assistance of counsel." *Id.* The touchstone of an ineffective assistance of counsel

4

claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process" that the outcome of the proceeding cannot "be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

"This court analyzes claims for ineffective assistance of counsel under the two-prong test set forth in *Strickland*[.]" *Marsalis v. State*, 166 Idaho 334, 340, 458 P.3d 203, 209 (2020) (citations omitted). Under the *Strickland* test, a petitioner must demonstrate (1) that "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Therefore, in order to survive a motion for summary dismissal, post-conviction relief claims based upon ineffective assistance of counsel must establish the existence of material issues of fact as to *both Strickland* prongs." *Marsalis*, 166 Idaho at 340, 458 P.3d at 209 (quotations and citation omitted) (emphasis added). Further, "[t]he object of an ineffectiveness claim is not to grade counsel's performance . . . [and] if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

We follow that path today and decline to grade defense counsel's performance because we conclude that Chernobieff has not established a genuine issue of material fact with respect to prejudice. Accordingly, we affirm the district court's decision upholding the magistrate court's summary dismissal of Chernobieff's petition for post-conviction relief.

Regardless of deficiencies in a defense counsel's performance, the outcome of a criminal proceeding need not be disrupted if the errors did not have an effect on the judgment. *Id.* at 691. To demonstrate prejudice, a petitioner for post-conviction relief who pleaded guilty must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A reasonable probability is one that is "sufficient to undermine confidence in the outcome," but this probability "must be substantial, not just conceivable." *State v. Abdullah*, 158 Idaho 386, 418, 348 P.3d 1, 33 (2015) (first quoting *Strickland*, 466 U.S. at 694; then quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Chernobieff contends that defense counsel's objection to the ringer testimony hobbled his ability to argue that the State lacked good cause for its inability to obtain a warrant. Had defense counsel not objected, Chernobieff argues, the ringer testimony would have provided a compelling basis for suppressing the results of his warrantless blood draw. Without the results of the blood

draw, Chernobieff asserts that he would not have pleaded guilty, nor could the prosecution have maintained an action against him for DUI with excessive BAC. We are unpersuaded that the admission of the ringer testimony would have changed the disposition of Chernobieff's motion to suppress because the testimony was immaterial to the applicable legal analysis.

This Court looks to the totality of the circumstances to determine if exigent circumstances exist that justify a departure from the warrant requirement. *Chernobieff I*, 161 Idaho at 541, 387 P.3d at 794. This test is an objective one, looking to whether the facts *known to law enforcement at the time*, and the reasonable inferences drawn from those facts, would lead a reasonable person to believe there is a "compelling need for official action and no time to secure a warrant." *State v. Pearson-Anderson*, 136 Idaho 847, 849–50, 41 P.3d 275, 277–78 (2001) (citations omitted); *see also State v. Smith*, 144 Idaho 482, 485, 163 P.3d 1194, 1197 (2007) ("The exception applies where the facts known at the time of [the search] indicate a 'compelling need for official action and no time to secure a warrant.'") (quoting *Michigan v. Tyler*, 436 U.S. 499, 509 (1978)).

With this test in mind, we turn to whether admitting the ringer testimony at Chernobieff's motion to suppress hearing would have altered the disposition of his case. At the hearing on Chernobieff's motion to suppress, the State called the prosecutor who authorized Chernobieff's warrantless blood draw and engaged in the following colloquy regarding his attempts to contact the on-call magistrate:

Q. So how many times total did you call [the on-call magistrate's] number?

A. I'm not sure if it was three or four, but I believe it was at least three. Upon the third call was when I made contact with [the responding law enforcement officer], I attempted to conference call in the judge, at which time I received no response again and left a subsequent message.

Q. Okay. So you made four to five attempts to contact the on-call judge?

A. And I can tell you for sure it was three, it could have been five. It's early morning. I did leave at least one voice mail, maybe two. I did confer with [the on-call magistrate] *the next day* and found that his ringer was off on his cell phone.

Defense counsel objected and moved to strike the prosecutor's answer to the final question as hearsay. The magistrate court sustained the objection on the alternate ground the testimony was not relevant.

We conclude that admission of the ringer testimony would not have altered the result of Chernobieff's motion to suppress. The ringer testimony, although indicative of a concerning

6

breakdown in the after-hours warrant application process in Ada County at the time of Chernobieff's arrest, *see Chernobieff I*, 161 Idaho at 541, 387 P.3d at 794, is of no consequence to the exigent circumstances analysis. The prosecutor learned that the on-call magistrate's phone ringer was off the day *after* Chernobieff's blood draw and, thus, that fact was not known to law enforcement at the time of the search. Accordingly, the ringer testimony, even if it had been admitted without objection, would have no bearing on the analysis of whether a reasonable person knowing the facts as they existed at the time of the search would believe there was a compelling need for action and no time in which to obtain a warrant.[1] And, to that end, this Court affirmed the denial of Chernobieff's motion to suppress, holding that substantial evidence supported the conclusion that under the totality of the circumstances an exigency existed that justified a warrantless blood draw. *See id.* Accordingly, Chernobieff has not raised an issue of material fact with respect to prejudice because his motion to suppress would have been denied with or without the ringer testimony.

With respect to our statement in *Chernobieff I* indicating that the State has a burden to demonstrate good cause for a magistrate's unavailability, that language was not necessary for the disposition of Chernobieff's direct appeal and is dicta. *See State v. Hawkins*, 155 Idaho 69, 74, 305 P.3d 513, 518 (2013) (citation omitted) ("If the statement is not necessary to decide the issue presented to the appellate court, it is considered to be dictum and not controlling."). However, this does not mean that we have retreated from our admonition that it is the responsibility of the trial courts to provide a reliable and effective system for warrant applications "both during regular office hours and through the night and on weekends." *Chernobieff I*, 161 Idaho at 541, 387 P.3d at 794. Depending on the facts of the case, a search may fail to satisfy the fundamental reasonableness requirement of the Fourth Amendment where it is precipitated by systemic failures in the warrant application process. *See Sibron v. New York*, 392 U.S. 40, 59 (1968) ("No search required to be made under a warrant is valid if the procedure for the issuance of the warrant is inadequate to ensure the sort of neutral contemplation by a magistrate of the grounds for the search and its proposed scope, which lies at the heart of the Fourth Amendment."). However, the facts

---

[1] Chernobieff also argues that the ringer testimony was not hearsay because it was admitted for the effect it had on the prosecutor and not for the truth of the matter asserted. That may well be true, but this argument fails for the same reason: any effect the ringer testimony had on the prosecutor occurred the day following his authorization of Chernobieff's warrantless blood draw and does not factor into the exigent circumstances analysis.

and posture of this case do not present an occasion for this Court to address that question in relation to Chernobieff's petition for post-conviction relief.

## V. CONCLUSION

Chernobieff has not demonstrated a material issue of fact with respect to prejudice, an essential element of his claim of ineffective assistance of counsel. Therefore, we affirm the district court's decision upholding the magistrate court's summary dismissal of Chernobieff's petition for post-conviction relief.

Chief Justice BEVAN, and Justices STEGNER and MOELLER **CONCUR.**

Justice BRODY concurs in the result.