**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49162**

| | |
|---|---|
| DANIEL JAMES BIXLER, | ) |
| | ) **Filed: May 1, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Daniel James Bixler appeals from the district court's summary dismissal of his amended petition for post-conviction relief. Bixler contends the court erred in dismissing his claim of ineffective assistance of counsel for advising him not to participate in a psychosexual evaluation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Bixler pled guilty to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(a). Under a plea agreement, the State agreed to cap its sentencing recommendation at ten years with two years determinate, and Bixler agreed to complete a psychosexual evaluation. Bixler, however, subsequently declined to complete the evaluation.

1

At sentencing, the district court concluded Bixler breached the plea agreement by failing to complete a psychosexual evaluation. As a result, the court concluded the agreement did not bind the State to the sentencing cap, and the State recommended a sentence of fifteen years with five years determinate. The court exceeded this recommendation and sentenced Bixler to a unified term of twenty-five years with nine years determinate.

Bixler filed a petition for post-conviction relief. In an amended petition, Bixler alleged an ineffective assistance of counsel claim, asserting that his trial counsel advised Bixler "the absence of a psychosexual evaluation could be better than a negative evaluation"; he "elected not to obtain a psychosexual evaluation based upon this advice"; and his counsel "failed to adequately advise [Bixler] the State would not be bound by the plea agreement due to his failure to obtain a psychosexual evaluation." Further, Bixler alleged that if he had known his failure to obtain a psychosexual evaluation would allow the State to deviate from the plea agreement's sentencing cap, "he would have obtained the evaluation to bind the State to the agreed upon sentence" and that "there would have been the potential for [him] to receive a sentence significantly less than the sentence he received."

The State moved for summary dismissal, and the district court granted the motion. For purposes of its ruling, the court assumed Bixler's trial counsel performed deficiently. It ruled, however, that it "did not punish [Bixler] for refusing a psychosexual evaluation" and that "there [was] no reasonable probability that the prosecutor's mere adherence to the cap would have resulted in a lesser sentence." Further, it ruled the fact that "the sentence [it] imposed significantly outstripped the prosecutor's recommendation thoroughly undermines--and renders unreasonable-- any inference that the prosecutor's recommendation was influential." Based on these rulings, the court concluded Bixler's trial counsel's deficient performance did not prejudice Bixler.

Bixler timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions

of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Bixler contends the district court erred in summarily dismissing his amended petition for post-conviction relief because his trial counsel's deficient performance prejudiced Bixler. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceedings would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the district court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho

3

353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the district court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal, Bixler asserts "he raised a genuine issue of material fact as to whether he was prejudiced by the lack of a psychosexual evaluation." He argues "the lack of a psychosexual evaluation played a role in sentencing." In support he notes the district court was "concerned [he] breached the plea agreement"; "the State argued placing [him] in the community would be 'scary' without knowing his amenability to treatment"; and "the court considered the fact [he] did not take his opportunity to present the psychosexual evaluator with any mitigating evidence."

The inquiry is in this case, however, is not whether the district court considered Bixler's breach of the plea agreement or the lack of a psychosexual evaluation, but whether the absence of that evaluation prejudiced Bixler in sentencing. *See, e.g.*, *Knutsen*, 144 Idaho at 442, 163 P.3d at 231 (requiring showing of reasonable probability proceedings' outcome would have been different to establish prejudice). Bixler does not address this issue. For example, he makes no allegations and offers no evidence showing that a psychosexual evaluation would have provided mitigating information that may have ameliorated his sentence. That such a result may have been conceivable, standing alone, does not amount to a reasonable probability the proceedings would have come to a different result. *See Chernobieff v. State*, 168 Idaho 98, 103, 480 P.3d 136, 141 (2021); *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Further, Bixler does not dispute that the district court, as it stated, "did not punish [him] for refusing a psychosexual evaluation." The transcript of the sentencing hearing shows the court understood Bixler's Fifth Amendment right not to participate in a psychosexual evaluation.

4

During that hearing, the court expressly cited *State v. Jimenez*, 160 Idaho 540, 542, 376 P.3d 744, 746 (2016), which acknowledges the right. The Idaho Supreme Court in that case ruled that a sentencing court's comment about a lack of evidence from a psychosexual evaluation regarding a defendant's amenability to treatment in the community and his corresponding risk does not constitute drawing an adverse inference from the defendant's silence. *Id.* at 544, 367 P.3d at 748. As in *Jimenez*, the district court in this case only noted Bixler had foregone the opportunity to present mitigating evidence via a psychosexual evaluation. Rather, than basing its sentence on Bixler's failure to undergo a psychosexual evaluation, the court rejected Bixler's "version" of events as "preposterous," "ludicrous," and "unbelievable" and found his "predatory behavior" of offending "underage girls who are in a vulnerable position" presented a "community safety imperative" for Bixler's prison sentence.

Finally, the district court's rejection of the State's recommended sentence at the sentencing hearing--unlimited by the cap in the breached plea agreement--indicates the court would not have followed the State's lesser recommendation. As the court concluded, even if Bixler had not breached the plea agreement, "there is no reasonable probability that the [State's] mere adherence to the cap would have resulted in a lesser sentence" because the sentence the court imposed "significantly outstripped" the State's recommended sentence, which exceeded the recommendation the plea agreement required. Regardless, by signing and initialing the guilty plea advisory form, Bixler acknowledged the plea agreement did not bind the court, which retained the authority to sentence him within statutory bounds.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Bixler's amended petition for post-conviction relief. The judgment is affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.

5